**WESTERN & SOUTHERN LIFE INS CO v SMITH**

Ohio Appeals, 4th Dist, Pickaway Co
Decided July 6, 1930

Vorys, Sater, Seymour & Pease, Columbus and Chas. H. May, Circleville, for Insurance Co.

Abernathy & Simpkins, Circleville, for Smith.

MAUCK, J.

The controversy between the parties arises over a supplementary contract attached to the original policy which provided among other things for a waiver of further premiums if the insured was shown to have become wholly disabled. If we take the facts as set up in the answer to be true, as we are bound to do upon a motion for judgment upon the pleadings, the petition would seem to have omitted some important provisions of the contract upon which recovery was sought. While one of the assignments of error is that the demurrer to the petition was erroneously overruled we shall not at this time concern ourselves with the sufficiency of the petition for after all the ultimate rights of the parties are to be determined by all of the provisions of the policy of insurance. The final rights of the parties depend upon the construction to be given to what is called the supplementary contract. Unfortunately that contract in terms is not before us. We have only the different views of the opposing parties to the effect of the contract as they have seen fit to set up the same in the pleadings. The immediate question then is whether the trial court should have entered judgment for the plaintiff in view of what the defendant pleaded the contract to be.

The answer shows that the policy was issued November 22, 1926, in consideration of a premium paid at that time by the insured and conditioned upon the payment of a like amount annually thereafter on the anniversary of the initial payment until twenty premiums had been paid. It further pleads that the policy provided for a period of grace of one month after the due date of the premium, during which month the insurance should continue in force. It avers that the supplementary contract provided that if the insured should thereafter become wholly disabled, and be so disabled continuously for not less than ninety days prior to the receipt by defendant of proof thereof as in the policy defined and required, and if by reason of such

disability the insured was prevented from performing any work, that the insurer would upon receipt of due and satisfactory proofs of such disability, made in the life of said Verne Harrison Skinner on forms prescribed by the company, waive the payment of premiums on said policy and on this supplementary contract during the continuance of such disability. The answer admits that the insured died on December 29, 1927, but alleges that he did not file with or furnish to defendant any proofs of any disability he had during his life time. The answer, by denying every allegation in the petition not admitted, denied that the insured became permanently disabled as pleaded in the petition on December 20, 1927, and denied that such disability continued until the death of the insured on December 29. This denial was in any view of the case sufficient to have prevented a judgment upon the pleadings. But as the case is before us we have no disposition to avoid what we conceive to be the real issue between the parties by deciding the case upon a fact which finally would not be in dispute.

Contracts of this same general character have been considered by courts in other jurisdictions. In **Minnesota Mutual Life Insurance Co. v. Marshall, 29 Fed. (2d) 977,** the Federal Circuit Court of Appeals sitting in Minnesota had before it a similar contract. In that case, as in this case, the insured became disabled after his second annual premium was due and within the period of grace. He died within a few days without making proof of his disability and recovery was permitted. It is not clear that the policy there under consideration was identical with the one at bar but the opinion as a whole is quite favorable to the view contended for by the plaintiff herein.

In **Missouri State Life Insurance Co. v. LaFevre, 10 S. W. (2d) 267,** the Court of Civil Appeals of Texas by a divided court gives a somewhat similar construction to a similar policy on facts peculiar to that case.

In **Wick v Western Union Life Insurance Co., 175 Pac. 953,** the Supreme Court of Washington held under circumstances analogous to those at bar that no recovery could be had.

In **Walters v. Jefferson Standard Life Insurance Co., 20 S. W. (2d) 1038,** the Supreme Court of Tennessee was considering a disability clause of this same general character and said:

"The company had received no notice of total permanent disability when the annual premium became due in October, 1926. Hence the insured, and not the company, was liable for same. There is no provision in the policy requiring the company to pay indemnity for total permanent disability existing prior to the filing of proof thereof. The terms of the agreement are to the contrary."

While the character of the benefits accruing to the insured in the Walters case differ from the character claimed by the insured in the case at bar that opinion seems to recognize that no benefits accrue to the insured until proofs of disability have been filed as required by the policy.

In **Hipp v. Fidelity Mutual Life Insurance Co., 57 S. E. 892,** the Supreme Court of Georgia held that a rider attached to a life policy, conferring benefits upon the insured upon the acceptance by the company of satisfactory proof of total incapacity of the insured, was not available to the latter where no proof had been received by the company of the incapacity of the insured.

In **New England Mutual Life Insurance Co. v. Reynolds, 116 So. 151, 59 A. L. R. 1075,** the Supreme Court of Alabama was considering a contract similar to that pleaded herein. We quote from the syllabus:

"A provision in a policy of life insurance that if the insured should furnish proof that he has become wholly disabled by bodily injury or disease the company will waive payment of each premium as it thereafter becomes due during the continuance of the disability, makes the furnishing of proof a condition precedent to the waiving of premium payments, and performance of the condition is not excused by the fact that the disability of the insured consisted of insanity which commenced while the policy was in force and continued until his death."

It is thus to be seen that in different states different views have been taken of the interpretation of clauses in insurance policies similar to that at bar, and that the conflict in these opinions is not due wholly to differences in the policies being construed. We see no analogy between this case and any of the Ohio authorities cited or examined. We are consequently required to dispose of the question as one of first impression in this state.

The answer pleads that the contract of insurance privided that if the insured should become wholly disabled after November 22, 1926, and be so continuously disabled for not less than ninety days "prior to the receipt by the defendant of proof thereof as thereinafter defined and required", and if the insured by reason of such injury was prevented from performing any work, etc., the defendant would "upon receipt at its home office of due and satisfactory proof of such disability made in the life time" of the insured, on forms prescribed by the company, grant the following benefits:

"FIRST. Waiver of Premiums—Subject to the aforesaid and hereinafter mentioned conditions and commencing with the anniversary of said policy next succeeding the receipt of such due and satisfactory proof, defendant shall waive the payment of premiums on said policy and on this supplementary contract during the continuance of such disability."

It seems to us perfectly clear that the terms of the contract as so pleaded unambiguously held the company to a waiver of premiums (1) only after the insured had been disabled for ninety days, during which time he was prevented from performing any work; (2) only after proofs of such

disability had been made, and (3) during the life time of the insured, and that the plaintiff does not come within the provisions of the contract in any one of these three particulars. Moreover, the waiver runs to the payment of premiums which become due after the disability has ensued. This is so for the reason that the policy indicates that the waiver is in behalf of one who has been unable to work or otherwise engage in gainful occupation by means of which he might earn the premium. It is shown by the petition that in this case disability did not begin until after the premium in 1927 was due, and afforded consequently no justification for its non-payment at that time.

The answer of the defendant was good. If it actually pleaded the contract between the parties the defendant was entitled to judgment. It is accordingly ordered that the judgment be reversed and the case remanded for further proceedings according to law.

Middleton, PJ, and Blosser, J, concur.