MUTUAL LIFE INSURANCE COMPANY *v.* MORRIS.

4-3893

Opinion delivered June 10, 1935.

Frederick L. Allen, E. P. Toney and Rose, Hemingway, Cantrell & Loughborough, for appellant.

Wm. West and W. W. Grubbs, for appellee.

BUTLER, J. This appeal comes from the judgment of the lower court in favor of the appellee, and the only question presented is whether the trial court erred in instructing a verdict for the appellee.

The policy involved was issued by the appellant on March 11, 1931, on the life of Benjamin F. Morris in the sum of $1,000, the appellee being named as beneficiary therein. For an additional premium, the payment of total and permanent disability benefits and the waiver of premiums during total and permanent disability were provided in the policy. The insured, at the time of the execution of the policy and until June 13, 1932, was in the employ of the Standard Oil Company. His work required no physical labor, his duty being to watch the gauges to see that the proper amount of steam and water was maintained in the boilers of a pumping station. For a considerable time prior to June 13, 1932, he was not well, complaining of pains in his abdomen, but continuing

to perform his work until the date mentioned, when an examination revealed that he was suffering from appendicitis and that an operation was imperative. The premiums on his policy were payable quarterly and amounted to the sum of $9.62 per quarter. The last quarterly installment fell due on June 11, 1932, with a thirty-one day grace period in which it might be paid, which expired July 12, 1932. Four days after this the premium was forwarded to the home office of appellant with an application for reinstatement. The check for this premium was retained by appellant until August 25, 1932, when it was returned and the application for reinstatement denied. The insured did not work after June 13th, but went to Baton Rouge to a hospital where another examination was made. From there he went to the Veterans' Hospital at Hot Springs, where an operation was performed on July 1st. He remained in the hospital until July 30th, when he returned to Eudora, and later went to the Veterans' Hospital at Memphis, where, on September 4th, he submitted to another operation and died on the operating table. It is admitted that the insured did no work after June 13th, and that during all the time until his death he was totally disabled.

At the trial of the case, the above facts were established, and the policy of insurance was introduced in evidence. Thereupon the court instructed the jury to return a verdict for the beneficiary, Elizabeth Morris, for the sum of $1,016. This is the amount named in the face of the policy, plus $16, which was purchased by the insurer for the insured with a dividend of $7.65, due the latter on March 11, 1932.

The correctness of the court's instruction to the jury turns upon the construction of section 3 of the policy: "Waiver of Premium in Event of Total and Permanent Disability before Sixty. Benefit if no Premium is in Default.—If, while no premium on this policy is in default, due proof is received at the home office of the company (1) that the insured is totally disabled as a result of disease or of bodily injury which was not self inflicted, so as to be incapable of engaging in any occupation for remuneration or profit, (2) that such total disability has

continued without interruption for a period of at least four months (total disability of such duration being presumed to be permanent during its continuance), and (3) that such total disability commenced before the anniversary of the date of the policy on which the age of the insured at nearest birthday is sixty years, the company, during the continuance of such total disability, will

"Waiver of Premium. Waive payment of each premium under this policy which shall become due during such total disability, and refund each premium paid which became due during such total disability; but no premium shall be refunded, the due date of which occurred more than one year before the receipt at said home office of written notice of claim for waiver of premium.

"Benefit if Premium is in Default.—If any premium on this policy is in default when such due proof is received at said home office, the waiver of premiums shall be allowed as if there were no premium in default and the policy will be reinstated, provided (1) that written notice of claim for such waiver of premium shall be received at said home office not later than one year after the due date of the premium first in default and (2) that such total disability began either (a) before the due date of the premium first in default or (b) within thirty-one days after such due date. In the case of (b), such premium, together with interest thereon at the rate of five per cent. a year, must be paid to the company as a condition precedent to the allowance of the waiver of premiums and reinstatement of this policy. * * *

"General Provisions. Written notice of claim for waiver of premium must be received at said home office during the lifetime of the insured and during the continuance of such total disability, otherwise the claim shall be invalid; provided, however, failure to give such notice within the time provided for herein shall not invalidate any such claim hereunder if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible. In no case, however, shall any premium be waived or refunded the due date of which occurred more than one

year before the date of receipt at said home office of written notice of claim for waiver of premium.''

It is the contention of appellant that, under the provision of the policy quoted, *supra,* before appellant would be entitled to a waiver of premium his disability must have continued for four consecutive months, and due proof thereof made within the life of the insured, that, as he was disabled for only three and a half months before his death and notice thereof was not received by appellant until after that event, the policy lapsed, and there was no liability to the appellee under its terms. In support of this contention, we are cited to a decision of the Supreme Court of Nebraska in the case of *Himelbloom* v. *Metropolitan Life Ins. Co.,* 257 N. W. 525, and to the cases of *Western & Southern Life Ins. Co.* v. *Smith,* 41 Ohio App. 197, 180 N. E. 749; *Avery* v. *New York Life Ins. Co.,* 67 Fed. (2d) 442; and *New York Life Ins. Co.* v. *Quinn,* (Miss.) 157 So. 902.

In the Himelbloom case provision is made for waiver of premiums in the event of total and permanent disability, which is defined as ''a total and permanent disability which continues for six months.'' The waiver is not for premiums which have matured, but for such as become due after the date of the commencement of the disability, and then only as to such premiums as may become due within one year before the date of the receipt at the home office of the insurer of written notice of claim arising out of such disability. The insured became totally and permanently disabled on November 1, 1932. He defaulted in the payment of the premium due November 7, 1932, and died on February 13, 1933. Under that state of facts the court, after referring to the definition of ''total and permanent disability'' contained in the policy, held that, while the insured was in fact totally and permanently disabled from November 1, 1932, until his death, he was not totally and permanently disabled within the meaning of the policy.

In *New York Life Ins. Co.* v. *Quinn, supra,* the policy provided that the contract of insurance should automatically terminate if any premium on the policy should not be paid when due, except in case where the default oc-

curred after the insured had become totally disabled, in which event the policy would be restored if due proof was made of total disability not later than six months after default, and that such disability would continue for life, or had continued for a period of not less than three consecutive months. The insured brought suit to recover total and permanent disability benefits. It was shown that the policy lapsed for the nonpayment of premium due July 15, 1931, and no notice or evidence relating to any claim of disability benefit was received by the company until the filing of the suit, which date is not given. It will be presumed, however, from the opinion that suit must have been filed later than six months after the default. The court held that there was no competent evidence tending to establish the giving of any notice, and that under the terms of the policy the same had lapsed automatically unless it had been reinstated by making proof of disability within six months after the default.

In *Western & Southern Life Ins. Co.* v. *Smith, supra,* the policy provided that only the premium (and those thereafter) commencing with the anniversary of said policy next succeeding the receipt of due and satisfactory proof of total and permanent disability would be waived.

The stipulations in the policies involved in the last three cases, *supra,* as to the waiver of premiums is different from that in the instant case, as will be hereinafter noted.

In *Avery* v. *New York Life Ins. Co., supra,* the policy provided for waiver of payment of premium falling due after the commencement of total disability, and during its continuance where the same had already continued for a period of four months. The court held that proof of disability is made a condition precedent to the waiver of premium. The provision for the waiver of premiums is not set out in full, but in holding proof of disability a condition precedent the court relied upon the authority of *Bergholm* v. *Peoria Life Ins. Co.,* 284 U. S. 489, 52 S. Ct. 230. In that case the policy expressly provided: ''If any premium is not paid on the date when due, this policy shall cease and determine, except as hereinafter pro-

vided.'' Following this was the provision that, ''upon receipt by the company of satisfactory proof that the insured is totally and permanently disabled as hereinafter defined, the company will: (1) Pay for the insured all premiums becoming due hereon after the receipt of such proof and during the continuance of the total and permanent disability of the insured.'' It will be noted that the contract under consideration in the Bergholm case automatically came to an end when any premium was not paid when due, and proof of disability had to be received by the company before it became obligated to pay for the insured any premiums, and then only those premiums which became due after the receipt of such proof. We assume that the contract in the Avery case, *supra,* was similar to that of the Bergholm case in the particulars we have pointed out.

In the case at bar the forfeiture for the nonpayment of premiums appears to be conditional. It is admitted that the insured was totally and permanently disabled within a short time after the premium of June 11 became due, and within the grace period. It is the settled doctrine of this court that, unless, by the inescapable language of the policy, notice of disability and proof thereof are made conditions precedent to recovery under disability clauses, it is the existence of disability that fixes liability and not proof thereof. *Mo. State Life Ins. Co.* v. *Case,* 189 Ark. 223, 71 S. W. (2d) 199; *Home Life Ins. Co.* v. *Ward,* 189 Ark. 793, 75 S. W. (2d) 379; *Ætna Life Ins. Co.* v. *Langston,* 189 Ark. 1067, 76 S. W. (2d) 50. The policy does not define total and permanent disability as did the policy in the Himelbloom case, *supra,* nor do we think it was the intention of the parties to the insurance contract to provide any such definition. The period of four months of continuing disability, as explained by the parenthetical clause following, was only for the purpose of making a *prima facie* showing of its permanency, without the necessity of making due proof thereof. The effect of this was to give the insured temporary benefit of the provision of waiver until such time as it could be determined whether or not the disability was total and permanent. We do not think that the policy, liberally construed, can

be said to contain any provision to the effect that disability has to continue four consecutive months before liability attaches. Nor is there any provision in the policy denying to the insured the privilege of establishing his total and permanent disability before four months have elapsed after the beginning of disability. That the time of the happening of the total disability was the commencement of the insurer's obligation to waive payment of premiums, and not the receipt of the proof thereof, is indicated by the provision to the effect that, after the proof has been received, any payment of premiums made after disability shall be refunded where such payments occurred within a year before the receipt at the home office of written notice of claim for waiver of premium. The only limitation upon the sufficiency of notice of claim is that it must be given not later than one year after due date of the premium first in default, and the only condition precedent to the allowance of waiver of premiums and reinstatement of the policy is the payment of the premium in default with interest at five per cent. per annum. On July 16, 1932, this premium was paid and retained by the company for forty days before its return with the advice that the policy had lapsed. This was only nine days before the operation during which the insured died, and at a time when it must have become generally known that his condition was extremely precarious. This, we think, was a substantial compliance with that provision of the policy which is made a condition precedent to the allowance of waiver of premiums.

The point is made that there can be no recovery for the further reason that, under the provisions of the policy, written notice of claim for waiver of premiums must be received at the home office during the lifetime of the insured, and during the continuance of the total disability, and, if not made within this time, the claim shall be invalid. The provision of the policy requiring written notice to be made during the lifetime of the insured further provides that failure to give notice within the time specified should not invalidate any claim if it was not reasonably possible to give such notice.

The notice was not given until October 28, 1932, after the death of the insured. Therefore he had a year after his disability began in which to give the notice. The evidence clearly shows that, from the time when the condition of the insured was discovered on June 13th until he died, he was critically ill and in no condition to look after his business affairs with scrupulous exactness. He died within the four months mentioned in the policy, and we think the circumstances abundantly bring him within the saving clause as to notice which we have stated. We conclude that the trial court correctly construed the provisions of the policy relied on, and that his action in directing the verdict was correct.

The judgment will therefore be affirmed.