**KNIGHT, Appellee v. NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6107.   Decided June 15, 1942.

Messrs. Davies, Hoover & Beall, Cincinnati, for appellee.
Messrs. Marble & Vordenberg, Cincinnati, for appellant.

## OPINION

By ROSS, J.

This case presents an appeal on questions of law from a judgment rendered by the Court of Common Pleas of Hamilton County, pursuant to the verdict of a jury in an action in which the plaintiff as beneficiary of two identical policies of insurance upon the life of her deceased husband sought to recover the balance due thereon after the deduction of loans to the insured.

The contentions of the appellant defendant Insurance Company present two principal problems for the consideration of this court, one involving the waiver of premiums, the other the matter of extended insurance.

It appears from the evidence that the policies involved carried "riders" containing the following clause:

"INCOME AND WAIVER OF PREMIUMS DURING TOTAL
AND PERMANENT DISABILITY

Upon receipt of due proof that the Insured has become physically or mentally incapacitated so as to be wholly and permanently unable to engage in any occupation or profession or to perform any work whatsoever for compensation, gain or profit, and that such disability has occurred while the Policy and this Agreement are in full force and prior to the policy anniversary nearest his sixty-fifth birthday, and has existed for a period of ninety days, the Company will pay to the Insured a Monthly Income of

FIFTY DOLLARS

and will also waive the payment of every premium thereafter due upon the Policy and this Agreement, subject to the conditions herein set forth."

The first quarterly premium claimed by the plaintiff to have been waived was due October 16, 1939, the grace period expired thirty days thereafter. That the insured for some time prior to the date when such premium was due permanently and totally disabled may be assumed as fully proved. That

such condition continued until the date of his death, July 15, 1940, is also fully evidenced.

The record also clearly shows that no notice of such disability was received by the Insurance Company until October 30, 1940, some three months after the death of the insured and almost a year after the due date of the first premium claimed to have been waived. No premiums were paid on or after such date.

The plaintiff claims that by virtue of the clause quoted and the facts stated the company is considered to have waived the premiums due and that such policies were in full force and effect at the date of the death of the insured.

The defendant Insurance Company claims that such premiums not having been paid that the waiver provisions of the clause quoted were not invoked since it received no notice of disability until long after such premiums were due and the death of the insured.

The evidence shows that the insured, while suffering from a disability which rendered him incapable of carrying on his business during the period in question, was at all times almost up to the date of his death fully capable of sending or giving notice to the company of the disability claimed now to to exist.

The controversy between the parties centers about the word "thereafter", appearing in the clause quoted. The plaintiff asserts that this word applies to the disability—and that premiums due "thereafter" are waived. The defendant claims that the word refers to notice and that premiums are only waived after such notice was received.

That he who writes must extend to his opponent the most favorable, reasonable interpretation of the language employed where ambiguity appears in what is written is now accepted universally as a rule of construction of contracts. This is particularly true in the case of policies. of insurance. In Stipcich v Metropolitan Life Ins. Co., 277 U. S., 311, the sixth paragraph of the syllabus is:

"Narrow and unreasonable interpretations of clauses in an insurance policy are not favored. When open, with equal reason, to two constructions, the one most favorable to the insured will be adopted."

Clauses almost identical with those here involved, or varying only slightly in terminology, have been considered by many courts. The conclusions thereon are anything but consistently uniform.

The plaintiff relies upon a typical example in a case decided by the 8th U. S. Court of Appeals. Minnesota Mut. Life Ins. Co. v. Marshall, 29 Fed. (2d) 977. The clause therein considered is noted on page 978 of the opinion, and is:

"The policy provided that if the insured, while the policy is in full force and effect, and without default in the payment of premiums, 'shall become totally and permanently disabled, as hereinafter provided, and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due. * * * Second: Upon the receipt of due proof of total and permanent disabilities as above defined, the Company will waive the payment of all premiums thereafter becoming due."

The facts involved in the Marshall case develop a situation in which the construction placed upon the clause in favor of the claimant appears to be especially compelling.

The insured was incapacitated by an acute attack of appendicitis only a day or two before the expiration of the grace period mentioned in his policy. He lived upon a farm alone some considerable distance from neighbors. Two days after the expiration of the grace period he came to the home of his father, some three miles distant, was taken to a hospital, and died immediately after an operation. Of course, the insured could have immediately notified the company of his disability and the premium due at the end of the grace period would have been waived. The court say in the opinion:

"On the question of when the time of waiver of the payment of premiums begins under policy provisions similar to these quoted, there are two lines of decisions; one holding that proof of disability fixes the time when the waiver begins; and the other holding that the time of waiver is the time of disability, and that a reasonable time thereafter is allowed to make proof of such disability, and that if death occurrs before the proof of disability is made, although after the due date of the premium, the insurance company is liable, where the disability arises before the due date of the premium, and continues until death."

It will be observed that the instant situation does not fall within either of the alternatives suggested by the court.

Certainly, it cannot be maintained that almost a year is a reasonable time in which to give notice of disability. The evidence in the instant case shows that the insured was disabled within the meaning of such clauses long before the quarterly premium was due—or the grace period had elapsed and was so disabled continuously up to the time of his death. The first words of the clause in the policies here under consideration upon which the plaintiff in this case relies are significant: "Upon receipt of due proof". The clause is in large type—and not drafted in any way to cause misapprehension as to its meaning. The "thereafter", of which plaintiff seeks to make a sine qua non is in closer juxtaposition to the word "waive" than the word "disability", to which plaintiff seeks to attach it. Only by a strained, unreasonable effort may it be claimed that the clause means that a notice of disability received some twelve months after the same is incurred, when the insured is capable of giving notice, may relate back to the time of such disability and be effective as a waiver of premiums from the first date of such disability, although the company was completely ignorant of its existence.

That cases of coma or amnesia may exist which would render such construction harsh may not be here urged against a situation which presents no claim to extraordinary or strained interpretation by this court.

The case of **Wolf v Prudential Ins. Co., 31 N. P. (N. S) 154,** is cited by plaintiff. The instant issue was not there involved, but the opinion is not adverse to the position here adopted.

Nor is the case of **Western & Southern Life Ins. C. v Smith, 41 Ohio App., 197,** of any value to the plaintiff, but again, sustains the view here taken. Judge Mauck, after noting the Marshall case and its peculiar incidents, cites many authorities in which receipt of proof of disability is required as a precedent to waiver of premiums.

It is unnecessary to here again note these authorities.

**Western & Southern Life Ins. Co. v Smith, supra,** is cited by Justice Cordoza in Mutual Life Ins. Company of New York v Johnson, 293 U. S. 335, at p. 338, together with many other decisions of courts upon such a clause. The Supreme Court of the United States in that case accepted the construction of the Virginia courts (in which state the case arose) not because it approved such construction, but solely because the court

considered that the clause should be interpreted according to the mandate of the highest court of the state in which the case was considered. It is interesting to note the conclusion of the Virginia court. "The ruling there was," states the Supreme Court "that notice was excused by physical and mental incapacity to give it." Whether an independent approach to the matter by the Supreme Court of the United States would have required the application of a less humane rule does not appear. Certainly, the ruling of the Virginia court is reasonable as well as humane.

The facts in the instant case do not require an application of any rule extending the clause beyond the terms used requiring notice before waiver. A conclusion upon such situation is reserved until other facts require a consideration of the clause again in the presence of such changed circumstances.

It is thus evident that in the instant case the policies lapsed on the 16th day of November, 1939.

Was there extended insurance carrying the policies in force to the date of death of the insured?

This question involves purely a mathematical calculation, which court as well as jury could determine accurately. The defendant insurer concedes all claims made by the plaintiff and still contends that there was not sufficient balance in the cash surrender value of the policies to extend the insurance, but retiring premiums due, to July 15th, 1940, the date of the death of the insured. To claim that insurance could be extended by reference merely to the table of extended insurance set out in the policies, without having any regard to depletion by reason of loans and interest, due and payable, is absurd and is a position wholly untenable. By reference to the evidence, it appears that giving the plaintiff the benefit of every reasonable claim to credit balances after deducting loans and simple interest, there were not sufficient balances remaining to the credit of the insured to carry the policies in effect until his death.

For these reasons, the judgment of the Court of Common Pleas is reversed and judgment here rendered for the defendant insurance company.

MATTHEWS, P. J., concurs
HAMILTON, J., dissenting in separate memorandum.

HAMILTON, J. (Dissenting):

I do not agree with my colleagues in the conclusion reached by them in this case.

This action was instituted in the Court of Common Pleas of Hamilton County, Ohio, to recover certain instalments due the plaintiff on two policies of life insurance issued by the defendant company on the life of Bennett R. Knight. The plaintiff, the widow of Knight, was named beneficiary. The policies were payable in monthly instalments, and suit was for those instalments which had accrued to the date the action was commenced.

The two policies were identical in their provisions. The premiums on the two policies were paid to and including July 16, 1939, which was ten years after their issuance. Plaintiff alleged non-payment of the quarterly premium due October 16, 1939, but contends that as of that date the policies had an extended insurance value in excess of twelve years. Plaintiff further alleged the issuance as a part of each policy and for a separate additional premium of a supplemental agreement. waiving payment of premiums thereafter due in the event the insured should become wholly and permanently disabled by physical or mental incapacity. Plaintiff further alleged the occurrence of such total and permanent disability prior to October 16, 1939, while the policies were in full force and effect. Plaintiff further alleged that due proof of permanent and total disability was furnished the company on forms furnished by it, and the waiver by the company of the proof of death which occurred July 14, 1940.

Defendant by answer admitted the issuance of the policies and the existence of the supplemental agreements. It then alleged that proofs of disability were not furnished the company until after death of the insured.

By way of answer to the plaintiff's claim that the policies were in effect as extended insurance on the date of the insured's death, the company alleged that the policies lapsed for non-payment of a quarterly premium due October 16, 1939; claimed that there were outstanding loans against each policy sufficient to reduce the cash value at the time of the lapse to $17.50, and alleged that $17.50 was sufficient to carry the policies for a period of one hundred and sixty-three days or until March 27, 1940, a little over three months prior to the death.

The plaintiff by reply denied that the indebtedness upon the policies was in the amount claimed by the company.

The company by answer denied that Knight had become totally disabled prior to October 16, 1939, and following this with a general denial and denied waiving proofs of death.

The main controversy in the law suit is whether or not the waiver of payment of premiums began upon the occurrence of actual total and permanent disability prior to October 16th, 1939, or upon the filing of proofs thereon with the company, which proofs were filed subsequent to July 14, 1940.

The trial court in effect charged the jury that waiver of payment began upon the occurrence of the total and permanent disability, and did not depend upon proofs filed with the Company.

Another issue in the case was whether or not the true and correct amount of the insured's indebtedness on said policies as of October 16th, 1939, was sufficient to reduce the extension of the insurance under the terms of the policies, to a shorter period of time between October 16th, 1939 and July 14th, 1940. In other words, the Company claimed it was indebted to the insured on October 16th, 1939 only to the extent of $17.50. The claim of the plaintiff was that the amount due the insured was much larger and was amply sufficient to carry the insurance beyond the date of the death of the insured on July 14, 1940.

The jury found in favor of the plaintiff and returned its verdict for plaintiff and judgment was entered by the court on that verdict.

If the jury had found on both or either of these two issues for the plaintiff, the judgment cannot be disturbed by this court. The verdict was a general verdict, and if there was sufficient cash value due the insured on October 16th, 1939 to extend the insurance to the date of the death of insured or to the time of the filing of the proofs of death, it would make no difference in the construction of the policies as to the waiver agreement. Since under the evidence, the jury have found that the loan made by the insured was not as much as claimed by the company, and that there was sufficient cash value to extend the insurance to the date of the actual filing of proof of death of the insured. That the insured was totally and permanently disabled for more than nine months prior to his death, is amply supported by the evidence, and the cash value could have been found by the jury sufficient to support the validity of the policies at the time of his death, regardless of the waiver provision.

If the court was in error in charging the jury that the time for the beginning of the waiver was upon the actual occurrence of the total and permanent disability, and upon the issue of the amount of extended insurance by cash value it was without error, the judgment would stand under the two issue rule.

I find no serious contention of error except that the verdict is against the weight of the evidence on the cash value. Had the verdict been tested by special interrogatories, and the jury had found that the amount of credit due the insured was not sufficient, it would then have been necessary to determine the proper construction of the following clause in the policy: "Upon receipt of due proof that the insured has become physically or mentally incapacitated (as there defined) the company * * * will * * * waive the payment of every premium thereafter due upon the policy and this agreement. * * *"

Does this mean the **filing** of disability or occurrence of disability? Courts are widely divergent in the construction of such clause. The writer of this opinion holds that the clause is ambiguous, and was written by the Insurance Company, and, therefore, under the Ohio statutes, requires a construction favorable to the insured, and this construction would require the clause to have reference to the actual occurrence of the disability. However, it is not necessary to determine this question, for the reason, that under the two issue rule, the judgment and verdict should stand. Another other conclusion would require this court to determine facts determinable by a jury only.