

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 9, 2007

The Honorable Geraldine "Tincy" Miller
Chair, State Board of Education
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0554

Re: Whether the State Board of Education may adopt a procedural rule that requires a vote of greater than a majority of the number of members of the board fixed by statute, i.e., a "supermajority" (RQ-0561-GA)

Dear Ms. Miller:

You ask whether the State Board of Education (the "Board") may adopt a procedural rule that requires a vote of greater than a majority of members of the Board fixed by statute.[1]

The Board "is composed of fifteen members elected from [single-member] districts." TEX. EDUC. CODE ANN. § 7.101(a) ( Vernon 2006). "At the board's first regular meeting after the election and qualification of new members, *the board shall organize [and] adopt rules of procedure . . . .*" *Id.* § 7.107(b) (emphasis added). The Board refers to these rules of procedure as "operating rules" and last amended such rules on February 7, 2007. *See* TEXAS EDUCATION AGENCY, STATE BOARD OF EDUCATION OPERATING RULES, *available at* http://www.tea.state.tx.us/sboe/op_rules.html (last visited June 29, 2007). You ask the following questions:

1. May a public body, consistent with Section 311.013, Government Code, adopt a procedural rule that requires a vote greater than a majority of the members fixed by statute? Please assume for purposes of this question that no statutory or constitutional provision requires more than a majority vote.

2. If your answer to my first question is "yes," may that body suspend such a procedural rule by a vote of a majority of the members fixed by statute pursuant to Section 311.013, Government Code?

Request Letter, *supra* note 1, at 2.

---

[1]*See* Letter from Honorable Geraldine "Tincy" Miller, Chair, State Board of Education, to Honorable Greg Abbott, Attorney General of Texas, at 2 (Jan. 10, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

Section 311.013 of the Government Code provides as follows:

> (a)  A grant of authority to three or more persons as a public body confers the authority on a majority of the number of members fixed by statute.

> (b)  A quorum of a public body is a majority of the number of members fixed by statute.

TEX. GOV'T CODE ANN. § 311.013 (Vernon 2005).  In Attorney General Opinion GA-0412, we addressed the validity of the voting procedures of the Board of Managers of the Harris County Hospital District (the "District Board").  *See* Tex. Att'y Gen. Op. No. GA-0412 (2006).  The District Board had adopted Robert's Rules of Order, which contains a quorum requirement similar to that found in section 311.013.  Referring both to section 311.013(b) and the common-law rule, the opinion concluded that the District Board should consider a proposition enacted if it receives "a majority vote of the members present and voting at a meeting where a quorum is present." *Id.* at 5.

Section 311.013 does not speak to the possibility of a governmental body adopting a "supermajority" rule, i.e., one that requires a vote of greater than a majority of the number of members of a board present and voting.  In order to answer that question, we must turn to the common law.  In 1922, a Texas court stated the common-law rule:

> The general rule is that, in the absence of an express provision[2] to the contrary, a proposition is carried in a deliberative body by a majority of the legal votes cast.

*Comm'rs Court of Limestone County v. Garrett*, 236 S.W. 970, 973 (Tex. 1922) (footnote added).  Thus, the general rule in this state is that a governmental body must conduct its business on the basis of a majority of a quorum of members present and voting.  As a result, a governmental body may not adopt a rule that requires, in some instances, the vote of a "supermajority."  The "majority rule" requirement, however, being a common-law doctrine, may be overcome by statute. *See Diversion Lake Club v. Heath*, 86 S.W.2d 441, 444 (Tex. 1935); TEX. EDUC. CODE ANN. §§ 21.042, 61.056 (Vernon 2006); *cf.* Tex. Att'y Gen. Op. No. JM-1087 (1989) at 2 (home-rule charter provision is sufficient to overcome common-law doctrine of incompatibility with regard to dual office holding in that city); *but cf.* Tex. Att'y Gen. Op. No. JC-0225 (2000) at 3–4 (home-rule city lacks authority to waive common-law rule with regard to appointment to governing body of *another* political subdivision).

---

[2]We construe the term "express provision" to mean "express constitutional or statutory provision."  "The rule of decision in this state consists of those portions of the common law of England that are not inconsistent with the constitution or the laws of this state, the constitution of this state, and the laws of this state." TEX. CIV. PRAC. & REM. CODE ANN. § 5.001 (Vernon 2002).  It is well established in Texas jurisprudence that "[t]he common law prevails in Texas *unless inconsistent with the Constitution and laws of the state or the United States.*" *See Missouri-Kansas-Texas R.R. Co. v. Shelton*, 383 S.W.2d 842, 846 (Tex. Civ. App.—Dallas 1964, writ ref'd n.r.e.), *cert. denied*, 382 U.S. 845 (1965) (emphasis added).

In the situation you pose, the question is thus whether the grant of procedural rule-making authority given to the Board in section 7.107(b) of the Education Code is sufficient to overcome the common-law doctrine of majority rule. In our opinion, it is not. Although the Board is created by the Texas Constitution, its organization and duties are generally prescribed by the Legislature. TEX. CONST. art. VII, § 8. Nothing in the Board's enabling statutes indicates a legislative intent to permit the Board to adopt operating procedures that override the common law. Indeed, as you note, certain statutes and the Texas Constitution itself impose supermajority requirements in specific instances. *See* Request Letter, *supra* note 1, at 1 n.5; *see, e.g.*, TEX. CONST. art. VII, § 5(a) (two-thirds vote of the total membership of Board required to determine total amount distributed from permanent school fund to available school fund); TEX. EDUC. CODE ANN. §§ 7.102(f)(2) (Vernon 2006) (adopted rule may be given earlier effective date by affirmative vote of two-thirds of members of the Board), 21.042 (Board may reject rule of the State Board for Educator Certification by a vote of at least two-thirds of the members present and voting). These provisions indicate that both the voters and the Legislature were aware in certain instances of how to impose, or permit, a supermajority requirement.

We conclude that the Board's authority to adopt rules of procedure does not encompass the authority to adopt rules that impose, in certain instances, a supermajority voting requirement. In light of our answer to your first question, we need not address your second question.

**S U M M A R Y**

The authority of the State Board of Education to adopt rules of procedure does not encompass the authority to adopt rules that impose, in certain instances, a supermajority voting requirement.

Very truly yours,

G R E G   A B B O T T
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee