## Prudential Ins. Co. v. Allen.

April 30, 1943.

Keenon & Odear and James S. Lackey for appellant.

George C. Robbins and Andrew Ross for appellee.

554

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

On September 22, 1932, David M. Allen, a practicing attorney, forty-one years of age, and a resident of Manchester, Kentucky, procured from the Prudential Insurance Company of America a policy insuring his life for $10,000. Shortly thereafter he moved to Richmond where be continued the practice of his profession until his death which occurred on November 25, 1940. The policy contained a clause waiving, under certain conditions, the further payment of premiums in the event the insured, prior to the anniversary date of the policy nearest his sixtieth birthday, became totally and permanently disabled from engaging in any occupation for remuneration or profit. The semiannual premium due on October 29, 1939, was not paid, and the period of extended insurance, depleted by previous loans, expired on March 11, 1940. Claiming that the "Waiver of Premiums" clause had automatically become operative by reason of the insured's total and permanent disability prior to October 29, 1939, although no notice thereof was given the company prior to the insured's death, the appellee, the insured's wife and the beneficiary named in the policy, instituted this action and recovered a judgment against the appellant for the amount of the policy less the loans made thereon during the insured's lifetime. This appeal is from that judgment.

The pertinent provisions of the policy relating to the waiver of premiums are as follows:

"Provisions as to Total and Permanent Disability Before Age 60—Waiver of Premiums—

"The disability benefit hereinafter specified will be granted by the Company if the Insured shall become totally and permanently disabled, from bodily injury or disease, to such an extent as to be incapacitated from engaging in any occupation for remuneration or profit, provided,

"(a) that written notice of disability on which claim may be based hereunder shall be given during the lifetime of the Insured and during the period of total disability to the Company at its Home Office in Newark, New Jersey, but failure to give such notice within the time herein provided shall not invalidate any claim hereunder if it shall be shown not to have

been reasonably possible to furnish such notice and that notice was furnished as soon as was reasonably possible;

"(b) that the Company shall have received due proof that total disability exists and that such total disability is permanent, which shall be deemed to be the case if the Company shall have received due proof that such total disability has existed continuously during a period of not less than six months immediately preceding receipt by the Company of said proof;

"(c) that such total disability shall occur after the payment of the first premium on this policy, while the policy is in full force and effect, and before the anniversary date of this policy nearest the sixtieth birthday of the Insured; and further, that such total disability shall occur before the due date of a premium in default, except that if such total disability shall have begun after the due date of a premium in default but not later than the last day of grace, and if such due date was within thirteen months immediately preceding receipt by the Company of notice of disability on which claim may be based, the disability benefit will be granted as if the default had not occurred, but the Insured shall be liable for the premium in default with interest at the rate of 5% per annum, which premium and interest may be deducted from any payment or payments made by the Company under this policy.

"Disability Benefit: Waiver of Premiums.—

"The Company will waive the payment of any premium or premiums the due date of which, as specified in the policy, shall occur after the commencement of such total continuous disability but in no event before a date more than one year prior to the date of receipt by the Company of said notice of disability."

Our interpretation of these provisions in so far as they relate to the facts presented by this record, is that as a condition precedent to the disability benefit becoming operative, notice of the disability must be given the company during the lifetime of the insured, except where the furnishing of such notice is not reasonably possible; and that only premiums becoming due within the period

of one year prior to the date notice of disability is received, are, in any event, waived. In the case at bar the first notice to the company of the insured's disability was dated December 2, 1940, which was not only after the insured's death, but after the expiration of the year following the due date of the defaulted premium as extended by the grace period. We find nothing in the wording of the provisions quoted which supports appellee's argument that the insured's alleged total disability automatically entitled him to the waiver of the ensuing year's premium, and that notice of disability to the company was required only in the event the waiver of more than one year's premium was to be claimed. Western & Southern Life Ins. Co. v. Robertson, 255 Ky. 13, 72, S. W. (2d) 718. Smith v. Missouri State Life Ins. Co., 134 Kan. 426, 7 P. (2d) 65; Berry v. Lamar Life Ins. Co., 165 Miss. 405, 142 So. 445. Obviously the purpose of the provision was to afford the company an opportunity to investigate the insured's alleged disability within a reasonable time from its inception, and thus avoid liability for the payment of a claim which an examination of the insured might have disclosed was groundless.

Notwithstanding appellee's present argument that notice to the company was not necessary in order to entitle the insured to a waiver of one year's premium following the occurrence of his disability, that is, the premium which, if paid, would have kept the policy in force until November 29, 1940, four days beyond the insured's death, she sought to excuse the failure to give notice by alleging in her petition:

"that for more than a month prior to the insured's death on November 25th, 1940, that he was disabled in mind and body and so dangerously and critically ill that it was not reasonably possible for him to have given the defendant notice of his disability; that by reason of such mental incapacity he was unable to understand his rights or his obligations with reference to the contract and for more than one month prior to his death on November 25th, 1940 unable to furnish proof of his disability."

In its answer the appellant denied the insured's total disability, as well as all the other material allegations of the petition, and in a second paragraph set forth the provisions of the policy which we have quoted, the fact that it received no notice of the insured's disability during his

lifetime, and that the policy lapsed because of the non-payment of the premium due October 29, 1939. The reply merely traversed the affirmative allegations of the answer, from which it follows that if our interpretation of the contract is correct, only a question of law was raised by the pleadings which the court should have decided by overruling appellee's demurrer to the second paragraph of the answer, carrying it back to the petition and sustaining it. For, if we should assume that inability to give notice of total disability occurring before a default in the payment of a premium not only extended the time for the giving of such notice until it was reasonably possible to give it, but, in addition, nullified the provision that the premiums which might be waived included only those becoming due within one year prior to the receipt of notice, appellee's allegation that the insured for more than one month prior to his death was unable to furnish proof of his disability, and that it was not reasonably possible for him to have given the notice, was not equivalent to an allegation that it was not reasonably possible to furnish such notice during the insured's lifetime and during the period of alleged total disability, which, according to the petition, began prior to October 29, 1939.

We find no merit in appellee's contention that by denying liability on the policy, following the insured's death, on the ground that the policy had lapsed prior thereto, the company waived the required notice of disability. It is true that denial by a life insurance company of liability waives the necessity of furnishing proofs of death, but that rule has no application to the question before us.

We might further add that the testimony given at the trial fell far short of establishing that the insured was permanently and totally disabled for more than a few days prior to his death. On the contrary, it disclosed that he was fairly active in the practice of his profession prior to that time. Perhaps the best indication that he was not totally and permanently disabled within the meaning of the policy, is the fact that though he was an able lawyer and transacted considerable business with the aid of his wife long after the premium became overdue, he made no claim that the disabilities under which he was laboring were such as to entitle him to a waiver of premiums, though he was advised by the company that the

policy would be lapsed if the premium due October 29, 1939, was not paid.

Judgment reversed for proceedings consistent with this opinion.