## NALLEY v. NEW YORK LIFE INS. CO.

### No. 10639.

Circuit Court of Appeals, Fifth Circuit.

Oct. 18, 1943.

Boyd Sloan and Joe K. Telford, both of Gainesville, Ga., for appellant.

W. Colquitt Carter and Shepard Bryan, both of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

In June, 1926, New York Life Insurance Company issued to C. V. Nalley two policies of life insurance, each in the amount of $10,000 and containing certain provisions for waiver of premiums and for payment of disability and double indemnity benefits. The policies were lapsed for non-payment of premiums due December 16, 1937. The insured made application for reinstatement of the policies, and a medical examination was had. The medical examination disclosed that Nalley had suffered a heart ailment since issuance of the policies, but the examining physician stated that there had been no recurrence of his illness and that he had "worked every day and has had no symptoms of his past illness". The insurance company, however, declined to reinstate the policies with the disability and double indemnity provisions as first written. In February, 1938, at the written request of the insured, the policies were reinstated with the double indemnity and disability provisions voided, and the company returned to Nalley $25.80 of his tendered premiums, this being the amount computed and charged for the voided disability and double indemnity coverage. Nalley accepted the refund, and has since paid premiums on the policies as reinstated, and such policies, changed by the endorsements deleting and eliminating the disability and double indemnity features, are now in full force and effect.

By letter dated June 26, 1940, counsel for Nalley informed the insurance company that the insured was then in a hospital; that he was totally and permanently disabled, and had been so disabled since a heart attack in 1935; and that, notwithstanding the endorsements voiding the disability and double indemnity provisions of the policies, the insured was demanding disability benefits and waiver of premiums under the terms of the policies as originally issued. This letter of counsel was the first notice the insurance company had received of any claim for alleged disability of the insured. Prior to the receipt of the letter it had not been contended or suggested by anyone that Nalley was totally and permanently disabled. The insurance company denied liability on the claim, and Nalley brought this action alleging that he became totally and permanently disabled in May, 1935; that the insurer knew in February, 1938, when the disability and double indemnity provisions were eliminated, that

he was totally and permanently disabled; and that the company fraudulently withheld and concealed such information from him, and by such fraud induced him to execute the request for reinstatement with elimination of the disability and double indemnity provisions. Nalley sought: (1) Rescission of the elimination of disability and double indemnity provisions. (2) Reformation so as to hold in full force and effect the disability and double indemnity provisions as originally written, and a declaration that the agreement to omit such provisions was void because of fraud and failure of consideration. (3) Recovery of $15,600 disability benefits, and refund of $3,901.60 in premiums paid since May, 1935, when he became totally and permanently disabled. The District Court denied the relief prayed for. A detailed statement of facts and collation of authorities will be found in the opinion of the District Court, Nalley v. New York Life Ins. Co., 48 F.Supp. 470.

The record discloses little dispute between the parties as to the facts. It is clear that Nalley has been totally and permanently disabled since sometime in the year 1935, and that no notice of such disability was given or offered to be given to the insurance company until June, 1940, more than two years after lapse of the policies and their reinstatement with the disability and double indemnity provisions voided and eliminated. Moreover, nowhere in the record is there shown fraud or deceit on the part of the insurance company. Indeed, it appears that the insured knew more about his condition and illness than did anyone save his physicians.

In substance appellant's contention is that upon the happening of total and permanent disability in May, 1935, while the policies were in full force and effect, he was entitled thereafter to a waiver of premiums and payment of disability benefits. Under our view of the case to arrive at decision we have only to advert to the provisions of the policies as originally written:

"Upon receipt at the Company's Home Office, before default in payment of premium, of due proof that the insured is totally disabled * * *, the following benefits will be granted.

"(a) Waiver of Premium.—The Company will waive the payment of any premium falling due during the period of continuous total disability * * *.

"(b) Income Payment.—The Company will pay to the insured the monthly income stated on the first page hereof ($10 per $1,000 of the face of this policy) for each completed month from the commencement of and during the period of continuous total disability. * * *.

"In event of default in payment of premium after the insured has become totally disabled as above defined, the policy will be restored and the benefits shall be the same as if said default had not occurred, provided due proof that the insured is and has been continuously from date of default so totally disabled and that such disability will continue for life or has continued for a period of not less than three consecutive months, is received by the Company not later than six months after said default."

These provisions of the policy are couched in clear and unambiguous language and should be given effect as written. Under the plain language of these provisions it is clear that waiver of premiums and payment of disability benefits are not conditioned simply upon the mere fact of occurrence of disability; there is by express terms the further requirement and condition that notice first be given and proof be made of such disability. Lack of knowledge, failure to know and understand the condition of his health is not enough to keep the policies alive. The insured must wholly comply with the unambiguous provisions of the contracts requiring notice. The quoted provision as to notice rears a condition precedent, and where, as here, no fraud is shown, and no compliance with the express terms made, the insured may not recover the claimed benefits and premium waiver. Saul v. New York Life Ins. Co., 5 Cir., 92 F.2d 665; Northwestern Mut. Life Ins. Co. v. Dean, 43 Ga. App. 67, 157 S.E. 878. Cf. Life Ins. Co. of Virginia v. Williams, 48 Ga.App. 10, 172 S.E. 101; Lydon v. New York Life Ins. Co., 8 Cir., 89 F.2d 78; Love v. Northwestern Nat. Life Ins. Co., 5 Cir., 119 F.2d 251; Barco v. Penn Mutual Life Ins. Co., 5 Cir., 126 F.2d 56.

Nalley gave no notice of disability prior to the time when his policies lapsed for nonpayment of premiums. After the default in payment of premiums occurred, there was an express time limit of six months in which Nalley could have given notice and had all benefits of the policies

restored. The six months' time limit had long since expired when Nalley gave notice of disability, and such notice, therefore, came too late.

The judgment is affirmed.