WARREN COMPANY, INC., v. EXODUS.

[No. 17,206. Filed March 13, 1944.]

[For opinion on the merits, see *post* p. 651.]

*Morris D. Feldman,* of South Bend, for appellant.

*Leo J. Lamberson* and *Theodore G. Wood,* both of South Bend, for appellee.

FLANAGAN, J.—Appellant brought this action against appellee for replevin of an electric refrigerator. Appellee answered the complaint and also filed a cross-complaint for damages based upon alleged breach of war-

ranty and fraud. Trial resulted in judgment against appellant on its complaint and for appellee on his cross-complaint in the sum of $420.

The sole error assigned on appeal is the overruling of appellant's motion for a new trial, the specifications of which are that (1) the decision is not sustained by sufficient evidence, and (2) the decision is contrary to law.

In his answer brief appellee says that no question is presented and therefore does not attempt to answer appellant's propositions.

It is true as appellee contends that a negative judgment cannot be attacked upon the ground that the decision is not sustained by sufficient evidence, and the judgment against appellant on its complaint could not be reversed on such an assignment. But the evidence is in large part documentary. If appellant feels that the evidence entitles it to relief which was denied it by the decision, it may assert its contention under the specifications of the motion for a new trial that the decision is contrary to law. *Wilson Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. (2d) 905.

The judgment against appellant on appellee's cross-complaint is not a negative judgment and as to it appellant may challenge the sufficiency of the evidence.

The administration of justice will be best served in this appeal if the court has the benefit of an answer brief on the merits. Therefore, final action on this appeal is continued and appellee is given 30 days in which to file an answer brief on the merits amicus curiae and appellant is given 15 days after the filing of such brief for reply.

NOTE.—Reported in 53 N. E. (2d) 546.