### RINTOUL v. SUN LIFE ASSUR. CO. OF CANADA.

No. 8476.

Circuit Court of Appeals, Seventh Circuit.
May 10, 1944.

Rehearing Denied June 26, 1944.

---

5 Wherever the powers of the trustee are discussed, we refer to the combined powers of the corporation and the trustee.

E. R. Elliott and A. A. McKinley, both of Chicago, Ill., for appellant.

George B. Christensen, Gerard E. Grashorn, Edw. J. Wendrow, and Winston, Strawn & Shaw, all of Chicago, Ill., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff sued defendant to recover upon a policy issued upon the life of James E. Rintoul, her husband. The case was tried by the court who made special findings of fact, pronounced its conclusions of law thereon, and rendered judgment in favor of defendant. Plaintiff appealed.

The policy involved was issued on June 25, 1931, plaintiff being named as beneficiary therein. The policy was delivered to the insured who paid the first semiannual premium, thus continuing the policy in force (including the period of grace) until January 25, 1932. No other premium was ever paid. The policy contained certain provisions for waiver and for payment of disability benefits.

Plaintiff claimed that insured became totally disabled on July 26, 1931, but lacking knowledge of the existence of the policy and because of insured's total and permanent mental and physical disability, it was not reasonably possible to give notice of disability within the time required by the policy, and that as soon as it was reasonably possible so to do, plaintiff, on June 7, 1935, gave written notice of insured's total disability. Insured died on June 21, 1935. Suit was commenced in 1941.

Defendant, in support of the judgment, insists that insured was required to file written notice of claim within one year of the due date of the first premium in default. On the other hand, plaintiff, in arguing for a reversal, contends that insured was entitled to a waiver of premiums because of insured's total and permanent disability in July, 1931. In other words, that it is the fact of disability— and not proof thereof—which entitles plaintiff to recover.

In the District Court and here, defendant questioned that insured was totally disabled in July, 1931, or at any time prior to his death. In our disposition of the case we shall assume, but not decide, that insured was totally disabled, since we believe that to arrive at a decision we have but to examine and consider the provisions of the policy.

The pertinent provisions of the policy relating to the waiver of premiums are as follows:

"1. Waiver of Premiums.—The Company will waive the subsequent premiums, if any, as they shall become due during the continuance of such disability beginning with the premium the due date of which next succeeds the date of commencement of such disability; provided, however, that no premium shall be so waived the due date of which is more than one year prior to the date of receipt at the Head Office of the Company of written notice of claim * * *.

"2. Monthly Income.—The Company in addition will pay, during the continuance of such total disability, to the assured or, if such disability is due to or accompanied by mental incapacity, to the beneficiary under the policy, a monthly income of one per cent of the face amount of the policy for each completed month of such disability beginning with the fourth such month and ceasing with the last payment preceding the maturity of the policy; * * *.

"Premium in default at time claim is made.

"If any premium on said policy is in default at the time written notice of claim is received by the Company at its Head Office, the above benefits will not be granted unless such notice is so received within one year of the due date of the first premium in default and unless the total disability for which claim is made commences either prior to the due date of the first premium in default or within the days of grace of the first premium in default * * *."

Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary and popular sense, Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed 416 and while the failure to give notice or to make proof within a specified time in accordance with the terms of a policy, as a general rule, does not operate

778

as a forfeiture of the right to recover, yet where the policy in express terms makes the giving of notice a condition precedent, a failure to comply with the terms of the policy will bar recovery, New York Life Ins. Co. v. Moose, 190 Ark. 161, 78 S.W. 2d 64, and Home Life Ins. Co. v. Swaim, 200 Ark. 819, 142 S.W.2d 209.

■ In our case, the provisions in and by which defendant agreed to waive premiums, appear in plain and understandable language, clearly indicating a promise on the part of the defendant that if due proof was received by it while the policy was in force, that insured had become totally and permanently disabled, it would, beginning with the premium the due date of which next succeeded the date of commencement of the disability, waive payment of premiums coming due during the continuance of the disability, and would pay $50 per month for each completed month of disability. Thus, it is clear that waiver of premiums and payment of disability benefits are not conditioned solely upon the mere fact of occurrence of disability. On the contrary, it is perfectly plain, as was said in Nalley v. New York Life Ins. Co., 5 Cir., 138 F.2d 318, 319, "there is by express terms the further requirement and condition that notice first be given and proof be made of such disability." In no event did the defendant promise to waive any premium the due date of which was more than one year prior to the date of receipt of notice, or pay any income for any period more than one year prior to the date of receipt of notice.

In Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416, the provisions of the policy were almost identical with those here. There was evidence from which it could be found that the insured was totally and permanently disabled from a time before the premiums first became in arrears, and that this condition continued until his death. In construing the policy, the court said: "Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof." pages 491-492 of 284 U.S. page 231 of 52 S.Ct., 76 L.Ed. 416. That is to say, insured must comply with the

unambiguous provisions of the policy requiring notice. Nalley v. New York Life Ins. Co., 5 Cir., 138 F.2d 318, 319. Consequently, if insured actually became disabled while the policy was in force, but failed to give notice and proof of disability within the time provided by the policy, he would not be entitled to the waiver of premiums or to receive benefits. New York Life Ins. Co. v. Moose, 190 Ark. 161, 78 S.W. 2d 64; Mutual Life Ins. Co. v. Morris, 191 Ark. 88, 83 S.W.2d 842; and Prudential Ins. Co. v. Allen, 294 Ky. 553, 172 S.W.2d 54.

Plaintiff next contends that there never was any lapse in the payment of premiums. In support of her contention, Leach v. Federal Life Ins. Co., 296 Ill.App. 88, 15 N.E.2d 1006, is cited, solely because of certain quoted language from Long v. Monarch Accident Ins. Co., 4 Cir., 30 F.2d 929, 930, that "if money is absolutely due by the Company to the policyholder when a premium falls due, the Company should apply the same towards the premium and thereby, if possible, avoid forfeiture of the policy." With its applicability to the instant case, we are unable to agree, since in that case the company was obligated to pay the insured within thirty days after proof of loss, which proof had been filed before the premium fell due.

■ Plaintiff also makes the point that the one year limitation contained in the "Premium in Default" provision of the policy is qualified by the proviso in the "Notice of Claim" section. That section, which prescribed an essential prerequisite to recovery, required the claim to be received during the lifetime of the insured and during the continuance of total disability, but contained a proviso that "failure to give such notice within such times shall not invalidate any such claim if it shall be shown that it was not reasonably possible to have given such notice within such times and that such notice was given as soon as it was reasonably possible."

A proviso is construed to apply to the provision or clause immediately preceding. It affects the paragraph to which it is annexed, Spring v. Collector, 78 Ill. 101, 105; DeGraff v. Went, 164 Ill. 485, 492, 45 N.E. 1075, and where no contrary intention appears, refers solely to the last antecedent. The proviso here in question was a part of and engrafted upon that section of the policy requiring the claim

to be received during the lifetime of the insured and during the continuance of total disability. That proviso, in our opinion, did not in any way affect the requirements or enlarge the obligation of the defendant contained in the "Premium in Default" section, allowing benefits only where but one premium was in default and a claim thereon was presented within one year of the due date of the premium. Rather, we think that the purpose of the proviso was to make less stringent the burden imposed upon the insured requiring him to serve a written notice of claim during his lifetime and during continuance of disability. Support for such an interpretation is found in Prudential Ins. Co. v. Allen, 294 Ky. 553, 172 S.W.2d 54; Mutual Life Ins. Co. v. Morris, 191 Ark. 88, 83 S.W.2d 842; Kingsford v. Business Men's Assur. Co., 57 Idaho 727, 68 P.2d 58; and Lenkutis v. New York Life Ins. Co., 374 Ill. 136, 28 P.2d 86. Neither does insured's insanity or total and permanent mental disability excuse him from filing notice of claim within one year of the due date of the first premium in default. Hanson v. Northwestern, etc., 229 Ill.App. 15. In Continental National Bank, etc., v. New York Life Ins. Co., 257 Ill.App. 651, the plaintiff sought to recover premiums and disability benefits claimed subsequent to insured's total and permanent disability as the result of insanity. The policy issued June 22, 1918, provided that whenever the insurer should receive due proof before default in payment of premiums, that insured had become permanently disabled, then commencing with the anniversary of the policy next succeeding such proof, insurer would waive payment of the premium for the ensuing year, and one year after the receipt of such proof, would pay benefits. January 1, 1924, insured, as a result of insanity, became totally disabled, but no notice was given to insurer until October 24, 1927; commencing June 22, 1928, insurer waived premiums and paid benefits, but refused to waive premiums or pay benefits for any period before the anniversary of the policy after receipt of proof of disability. The trial court held that insured was entitled to recover, notwithstanding that he had not given notice of disability. The reviewing court reversed and in its opinion said:

"Under the provisions of * * * the policy, * * * we think it is clear that until the company received 'due proof' of insured's disability, * * * it was not required to waive the payment of any premium and was not liable to pay any disability benefits * * *. We regard the receipt by it of such proof as a condition precedent to its being required to waive payment of any premium, and to its liability to pay any disability benefits. Feder v. Midland Casualty Co., 316 Ill. 552, 558, 147 N.E. 468; Gallagher v. American Alliance Ins. Co., 220 Ill.App. 476, 479; American Home Circle v. Eggers, 137 Ill.App. 595, 598."

So, too, under Illinois law, insanity does not excuse the payment of premiums when due. Scheiber v. Protected Home Circle, 146 Ill.App. 574.

Plaintiff in her brief and upon oral argument has stressed other points. These we have considered, but since they do not change the conclusions we have reached, they need not be discussed.

The judgment of the District Court is affirmed.