**MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION, Appellant,**

v.

**Warren G. BRUNKE, Appellee.**

**No. 17950.**

United States Court of Appeals
Fifth Circuit.

March 15, 1960.

W. Hall Barrett, Augusta, Ga., Hull, Willingham, Towill & Norman, Augusta, Ga., of counsel, for appellant.

J. Walker Harper, Augusta, Ga., Fulcher, Fulcher, Hagler & Harper, Augusta, Ga., of counsel, for appellee.

Before RIVES, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

JONES, Circuit Judge.

On April 5, 1955, Warren G. Brunke, who was the plaintiff in the district court and is the appellee here, purchased through a vending machine at an airport in Chicago, Illinois, a policy of airline trip insurance to cover a round-trip flight from Chicago to Augusta, Georgia, on Delta Airlines, Inc. The policy was issued by Mutual Benefit Health & Accident Association, the defendant in the district court and the appellant here. Overprinted across the face of the policy in bold red print were the words, "Read Carefully. This Policy is Limited to Aircraft Accidents on Scheduled Airlines." Preceding the operative provisions of the policy in prominent type was this statement, "This Policy is Nonrenewable and Provides Benefits for Loss of Life, Limb or Sight and Other Specified Losses Resulting from Accidental Bodily Injuries Received while a Passenger on Scheduled Airlines and Other Specified Conveyances or while on the Premises of an Airport to the Extent Herein Provided." He glanced at the policy as it came out of the vending machine but did not read it. He folded it up and mailed it to his wife, who was named in the policy as the beneficiary in the event of death.

The policy insured against the loss of life, eyes, arms, legs, etc., by the insured

"While in or upon any premises or surface vehicle used for passengers and provided or arranged for by such airline or the authorities controlling an established airport, but only while the insured is in or upon such premises or surface vehicle for the purpose of beginning, continuing or completing the air trip designated in the application."

A medical benefits clause of the policy provided that,

"When covered injuries require treatment by a licensed physician or surgeon, care or service provided by a legally constituted hospital, attendance of a registered graduate nurse, X-ray examination or the use of an ambulance, the Association will pay, in addition to any other benefits payable under this policy, the expense actually incurred therefor by the Insured within the 52 week period immediately following the date of the accident, but not to exceed, in the aggregate, $50.00 for each $1,000.00 of the Principal Sum for any one accident."

On April 11, 1955, the appellee took a taxicab at his hotel for the purpose of going to the airport in Augusta where he intended to complete his round-trip by taking a Delta plane to Chicago. The taxicab was provided or arranged for by the airline. While en route to the airport the taxicab was in a collision with another vehicle and the appellee was badly injured. He was hospitalized for about ten weeks in Augusta and Chicago, during the early part of which he was under sedation because of pain. An injured leg was in successive casts during a ten-month period following the injury. He returned to work on a part-time basis about a year after he was hurt. Early in 1957 the appellee's brother asked him

if he had a claim against the airline. The appellee asked his lawyer who said there was no claim against it. The brother then inquired of appellee whether he was sure he did not have a claim against the insurance company. The policy had not been kept by the appellee's wife although she had received it. The appellee sent to an airport for a policy and on March 11, 1957, he sent a letter to his attorney in Augusta. On April 5, 1957, the appellant received a letter from the appellee's attorney reporting the injury, stating the loss of the policy, and demanding payment of the maximum medical benefit. Claim forms were furnished the appellee on May 22, 1957, and a formal demand was made on the appellant on August 1, 1957.

Suit was brought against the appellant insurer on the policy and was removed, on the ground of diversity of citizenship, to the United States District Court. Although the appellee's right of recovery was contested, it was stipulated that he had incurred medical expense in amounts exceeding the policy limit as a result of his injury. It was insisted, on the part of the appellant, that the appellee failed to give notice of claim and to file proof of loss within the periods prescribed in the policy and was therefore precluded from recovering. The policy began with the recital that, "In consideration of the payment of the premium shown in the application, the Association, subject to the provisions, limitations and exceptions of the policy, hereby insures  *  *  * ." Continued in the policy were the following provisions:

"Notice of Claim: Written notice of claim must be given to the Association within twenty days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible. Notice given by or on behalf of the Insured or the beneficiary to the As-

sociation at Omaha, Nebraska, or to any authorized agent of the Association, with information sufficient to identify the Insured, shall be deemed notice to the Association."

"Proofs of Loss: Written proof of loss must be furnished to the Association at its said office within ninety days after the date of the loss for which claim is made. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required.

"Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty (60) days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished."

The appellant moved to dismiss the appellee's complaint on the ground that it failed to state a claim upon which relief could be granted. The motion was denied. At the close of the appellee's case the appellant moved for a directed verdict on the ground that the appellee had not shown compliance with the policy conditions regarding notice of claim and proof of loss. The motion was denied. The appellant put on its evidence and the court submitted to the jury questions as to whether notice was given and proof of loss filed within the limits permitted by the policy. The pertinent part of the court's charge on these questions is footnoted in the margin.[1] The jury

1. "In the petition the plaintiff alleges that he was confined to the University Hospital in Augusta, Georgia, with broken bones and other injuries for a period longer than 20 days, after the accident, and the plaintiff alleges that while he was in the hospital he was under sedatives and dope and was physically unable to give the notice of the occurrence to the Association. The plaintiff alleges in his

returned a verdict for the appellee. The appellant made a motion for a judgment notwithstanding the verdict which was denied. From a judgment on the verdict this appeal was taken.

■■ The substantive law governing the decision in this case is that of Illinois. This is so provided by statute in Georgia[2] and has been so determined by judicial decision in Illinois.[3] The appellee, in the district court relied, and here relies, upon the proposition that, under the law of Illinois, an insured is not precluded from recovering upon the policy of insurance because of failure to give notice or to furnish proof of loss within the time specified in the policy, in the absence of a forfeiture provision, if the notice is given and the proof is filed in a reasonable time. The precedents justify the conclusion. Inter-Ocean Casualty Co. v. Wilkins, 96 Ill.App. 231, 182 N.E. 252;

Rintoul v. Sun Life Assurance Co., 7 Cir., 1944, 142 F.2d 776, certiorari denied 323 U.S. 776, 65 S.Ct. 188, 89 L.Ed. 620.

■ The rule is that notice is not required until such facts have developed as would suggest to a person of ordinary and reasonable prudence that liability might arise, and the requirement is met by giving notice within a reasonable time after the injury presents aspects of a possible claim. Star Transfer Co. v. Underwriters at Lloyd's of London, 323 Ill.App. 90, 55 N.E.2d 109. Here, it was apparent at the outset that a substantial injury had been suffered and that substantial medical expense had been incurred. The appellee would, of course, be excused from giving a notice of claim during the period following his injury during which he was under sedation. This, however, would excuse only seven and a half weeks of the nearly two years

petition that notice was given of the accident to the defendant on April 5th, 1957.

"The provisions of the policy, gentlemen of the jury, with reference to notice of claim and proof of loss is as follows: Written notice of claim must be given to the Association within 20 days after the occurrence or commencement of any loss covered by this policy, or as soon thereafter as is reasonably possible. The Association, upon receipt of the notice of claim, will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If such forms are not furnished within 15 days after the giving of this notice the claimant shall be deemed to have complied with the requirements of the policy as to proofs of loss by submitting within the terms fixed in the policy, as to filing of proof of loss, written proofs covering the occurrence, the character and extent of the loss of which the plaintiff claims. Written proofs of loss must be furnished to the Association and the said policy within 90 days after the date of the loss. Failure to furnish such proof within the free time within the time required shall not invalidate or reduce any claim, if not reasonably possible to give proofs of loss within such time, provided such proof is furnished as soon as reasonably possible, and in no event except in the absence of legal capacity, if in one year from the time the proof is otherwise required.

"Now, gentlemen of the jury, the defendant, in its answer filed in this case, say that they are not liable. The defendant says, in substance, that the plaintiff did not give the notice as required by the terms of the policy. The Plaintiff, on the other hand, says that they did give the notice of claim as soon as was reasonably possible, but that they did not give proof of loss on account of the absence of legal capacity.

"Now, gentlemen of the jury, in substance, that is the issue for you to determine. There is no issue that the man was hurt. There is no issue that the plaintiff had the insurance policy in this company. It is disputed, but is agreed that the amount of the medical bill was $3125.00.

"Now, members of the jury, I charge you that the rights of the plaintiff to recover under the policy of insurance, as a matter of law, was not voided because of the failure to give the notice of the occurrence within 20 days, or because of failure to furnish proof of loss within 90 days as specified in the policy, but it is for the jury to say whether the plaintiff has given the required notice and proof as soon as reasonably possible under all the facts and circumstances of the case."

2. Ga.Code § 102–108.

3. Thompson v. Fidelity & Casualty Co. of New York, 16 Ill.App.2d 159, 148 N.E. 2d 9, certiorari denied 358 U.S. 837, 79 S.Ct. 62, 3 L.Ed.2d 74.

between the time of the injury and the time of the notice. In eight weeks after his injury the appellee had brought suit against the owner of the cab in which he was a passenger at the time of his injury. In the Star Transfer case it was held that a delay of eight months in giving notice was unreasonable. Here we hold that a delay of a year and ten months is unreasonable. We can here say, as the court in the Star Transfer case said:

"This unreasonable delay, after any person of ordinary and reasonable prudence could have ascertained that liability might arise, and after the injury presented aspects of a probable claim for damages, was not in any sense a compliance with the rule invoked, nor with the provisions of the policy." 55 N.E.2d 109, 111.

■■ The appellee contends that he was without knowledge that injuries en route to an airport were covered, that his wife had lost the policy, and until he discovered, in early 1957, that medical benefits were provided, he was under no duty to give notice of claim. We do not here have a situation, such as existed in the authorities upon which the appellee relies, where the person entitled to make a claim is without knowledge of the existence of the policy creating his rights, or is without knowledge of the happening of the event giving rise to an insurer's liability. The loss of the policy is no excuse. Munson v. German-American Fire Insurance Co., 55 W.Va. 423, 47 S.E. 160. When the appellee decided to look at the policy form to ascertain its coverage he had no difficulty or delay in procuring a copy.

■ We find no waiver by the appellant of the requirement for the giving of notice of claim "within twenty days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible."

The appellee cannot assert that the overprinted legend which said, "This Policy is Limited to Aircraft Accidents on Scheduled Airlines," either waived or dispensed with the requirement for notice in view of his testimony that he did not read the policy when it was purchased and made no effort to ascertain its contents for nearly two years. The appellee was not misled by something he had not read.

■ We do not consider whether the appellant, in asserting failure to give notice of claim as a defense, must show that it was prejudiced by such failure. In a diversity case decided under Illinois law, the Seventh Circuit Court of Appeals decided:

"The right [to be given notice] was provided by the terms of the contract and we are of the view that the deprivation of such right would constitute prejudice without any actual proof that the results of the litigation would have been different." Keehn v. Excess Insurance Co., 7 Cir., 1942, 129 F.2d 503, 505.

The above language was quoted, approved, and followed in Star Transfer Co. v. Underwriters at Lloyd's, supra.

We have reached the conclusion that, upon the undisputed facts, the appellee did not give notice of claim to the appellant within a reasonable time as required by the policy upon which he bases his cause of action. We think that, were it necessary to do so, we could reach the same conclusion with respect to filing a proof of loss within the time required by the policy. The failure to give a timely notice of claim will defeat recovery and the other question need not be decided.

The appellant's motion for a judgment notwithstanding the verdict should have been granted. The judgment for the appellee is reversed and judgment is here rendered for the appellant.

Reversed and rendered.