THE STUYVESANT INSURANCE COMPANY *v.*
UNITED PUBLIC INSURANCE COMPANY.

[No. 20,349. On Petition To File Late Brief filed June 15,
1966. Decision filed November 22, 1966.]

*Charles W. Cook* and *Bose, Buchanan, McKinney & Evans,* of counsel, of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, by *James L. Tuohy,* Special Deputy Attorney General, and *Donald M. Mosiman,* Special Deputy Insurance Commissioner.

BIERLY, J.—James L. Tuohy, Special Deputy Attorney General of the State of Indiana, as counsel for Donald M. Mosiman, Special Deputy Insurance Commissioner of the State of Indiana, as Liquidator of United Public Insurance Company, Appellee, filed on May 27, 1966, a verified petition entitled, "Petition by Appellee to File Late Brief," therein setting forth that appellant had filed its brief on January 16, 1965. Petitioner further states that according to the Supreme Court Rules, appellee's brief should have been filed on June 16, 1965.

That due to an oversight the petitioner, on reviewing the files dealing with insurance companies under liquidation with the Special Deputy and Insurance Commissioner, did not become aware until October 10, 1965, that appellee's brief should have been filed on or before June 16, 1965.

That upon investigation, petitioner was lead to believe that there was no existing procedure for appellee to file an appellee's brief after the expiration of time.

Appellee further, in said petition, states that during oral argument on May 25, 1966, a suggestion was made from the bench, that, under extraordinary circumstances, the court up-

on petition, may circumvent such rule if the court be warranted in doing so.

Appellee further stated, in said petition, that due to the congestion in the office of the Attorney General involving insurance companies, due solely to an oversight and inadvertence, the due date of filing appellee's answer brief was overlooked.

That due to the size of the judgment, in the case at bar, and the cause being a matter of great public interest appellee prays the court to empower it to file within thirty (30) days a brief on behalf of the appellee seeking to sustain the judgment of the trial court.

As of this date, appellant has filed no answer to appellee's verified petition, and we assume that due to the time elapsed since the filing of said petition, no answer will be forthcoming.

An order of the court directing an appellee to file an answer brief under certain circumstances and conditions is amply supported. From Indiana Trial and Appellate Practice, by Wiltrout, (1963) Pocket Parts § 2681, we quote as follows:

"Where an appellee fails to file a brief, the court may, in its discretion, take different courses of action: (1) it may order the appellee to file a brief; (2) it may consider the questions presented without aid of an appellee's brief; (3) it may reverse the judgment or award if apparent or prima facie error is shown by appellant's assignment of errors and brief."

In an early case of *Cleveland, etc., R. Co.* v. *Wuest* (1907), 40 Ind. App. 693, 82 N. E. 986, the court held that even though the appellee has filed no brief the court may order the appellee to file one to prevent a hardship to appellee because of the failure of his attorney to discharge his duty.

In a later case, *Warren Company, Inc.* v. *Exodus* (1944), 114 Ind. App. 563, 53 N. E. 2d 546, (Opinion by Flanagan, J.) the court held that, due to an ineffective answer brief by appel-

lee the administration of justice will be best served in the appeal if the court has the benefit of an answer brief on the merits. In that case, the court ordered the filing of an appellee's answer brief on the merits, and continued the case to permit the carrying out of that order.

We cite also the case of *Silverstein et al.* v. *Central Furniture Co., Inc.* (1958), 129 Ind. App. 166, 154 N. E. 2d 526, wherein the court held that appellee's answer brief failed to attack the appellant's charged errors that the decision of the court is not sustained by sufficient evidence, and is contrary to law; thence, the court ordered appellee to file a brief in order that the court may have the benefit of appellee's answer brief on the merits.

Appellee, in the case at bar, appeared and participated in the oral argument and frankly admitted that its interpretation of Rule 2-15, of the Supreme Court Rules of Indiana, was to the effect that unless action was taken by due date to file an answer brief, appellee by such rule was precluded thereafter to file an answer brief. With this interpretation, we are in accord.

And the court now finds that by the failure of compliance with Rule 2-15, of the Supreme Court Rules of Indiana, appellee's verified petition to file a late brief, should be denied.

Petition of appellee to file late brief under Rule 2-15 is hereby denied.

The court is of the opinion that this cause is of such public interest and importance, and that the administration of justice will be best served in this appeal, if this court has the benefit of an answer brief by appellee on the merits.

Therefore, final action on this appeal is hereby continued, and appellee is given thirty (30) days in which to file an answer brief on the merits, and appellant is given twenty (20) days thereafter to reply.

Hunter and Mote, JJ., concur.

Smith, C.J., dissents with opinion.

## DISSENTING OPINION

SMITH, C.J.—The factual situation set forth in the majority opinion denying the petition of the appellee to file a late brief is substantially correct. However, I question the statements contained in said opinion which read as follows:

"Appellee, in the case at bar, appeared and participated in the oral argument and *frankly admitted that its interpretation of Rule 2-15, of the Supreme Court Rules of Indiana, was to the effect that unless action was taken by due date to file an answer brief, appellee by such rule was precluded thereafter to file an answer brief. With this interpretation, we are in accord.*" (Emphasis supplied)

As I recall the oral argument, the above quoted statements were never made, and neither do I recall that the attorney representing the appellee agreed to such an interpretation of Rule 2-15 at the time of the oral argument.

The appellee, Special Deputy Insurance Commissioner of the State of Indiana, as liquidator of United Public Insurance Company, was first represented in this litigation by a Deputy Attorney General appointed by Attorney General Edwin K. Steers. The term of Attorney General Steers terminated January 1, 1965, and thereafter James L. Tuohy, a Deputy Attorney General, was assigned to represent Donald M. Mosiman, Special Deputy Insurance Commissioner of the State of Indiana and liquidator of the United Public Insurance Company, appellee, in this litigation. That Mr. Tuohy, on reviewing the files transferred to Mr. Mosiman dealing with insurance companies under liquidation, did not learn of the existence of this litigation until October 10, 1965, and was not aware that the brief of the appellee should have been filed on or before June 16, 1965.

On May 27, 1966, following the oral argument, the appellee filed a verified petition entitled "Petition by Appellee to File Late Brief." The appellee stated in said petition that due to the congestion in the office of the Attorney General involving

insurance companies in liquidation, and due solely to an oversight and inadvertence, the date of filing appellee's brief was overlooked.

In denying said petition the majority opinion written by Judge Bierly cites Indiana Trial and Appellate Practice, Section 2681 (1963 Pocket Parts) and quotes from such citation as follows:

> "Where an appellee fails to file a brief, the court may, in its discretion, take different courses of action: (1) it may order the appellee to file a brief; (2) it may consider the questions presented without aid of an appellee's brief; (3) it may reverse the judgment or award if apparent or prima facie error is shown by appellant's assignment of errors an[d] brief." (Cases cited)

Judge Bierly then cites the cases of *Cleveland, etc., R. Co.* v. *Wuest* (1907), 40 Ind. App. 693, 82 N. E. 986; *Warren Company, Inc.* v. *Exodus* (1944), 114 Ind. App. 563, 53 N. E. (2d) 546; *Silverstein et al* v. *Central Furniture Co., Inc.* (1958), 129 Ind. App. 166, 154 N. E. (2d) 526. These cases generally and in substance hold that even if the appellee has filed no brief the court may order the appellee to file a brief in order to assist the court in its deliberations.

With the law enunciated in these citations I am in full accord, however, it is difficult to understand exactly what the majority opinion has held when it states as follows:

> "And the court now finds that by the failure of compliance with Rule 2-15, of the Supreme Court Rules of Indiana, appellee's verified petition to file a late brief, *should be denied.*
>
> "Petition of appellee to file late brief under Rule 2-15 *is hereby denied.*
>
> "The court is of the opinion that this cause is of such public interest and importance, and that the administration of justice will be best served in this appeal, if this court has the benefit of an answer brief by appellee on the merits.
>
> "Therefore, final action on this appeal is hereby continued, and *appellee is given thirty (30) days in which to file an*

*answer brief on the merits,* and appellant is given twenty (20) days thereafter to reply." (Emphasis supplied)

These statements appear to be in direct conflict and are extremely confusing to say the least. First the petition to file a late brief is denied then apparently it is granted by authorizing the appellee to file an answer brief on its merits.

In order to clear up this confusing language contained in the majority opinion, I am herewith dissenting to the majority opinion.

It is my opinion that it will be of great assistance to this Court if the Court has the benefit of an answer brief by appellee on the merits. It is further my opinion that the petition to file a late brief should be granted and that the appellee should be given thirty (30) days in which to file an answer brief on the merits and that the appellant should be given twenty (20) days thereafter to reply.

Petition of appellee to file a late brief is hereby granted and the appellee is given up to and including August 15, 1966 to file a brief on the merits. The appellant is authorized to file a reply brief up to and including September 5, 1966.

### OPINION ON MERITS

BIERLY, J.—The Marion Circuit Court of Marion County found for the plaintiff on its complaint and against the defendant in the sum of $36,410.45, interest and costs, in an action based on a contract of reinsurance wherein the plaintiff was the insured, and the defendant was the insurer. The issues were joined by the plaintiff's complaint, answer by defendant and thence a reply by plaintiff. Upon issues so joined said cause was submitted to the court without the intervention of the jury.

The specifications in the motion for a new trial filed by defendant were four, to-wit:

"1. The damages assessed are excessive.

"2. Error in the assessment in the amount of recovery in this, that the amount is too large.

"3. The decision of the court is not sustained by sufficient evidence.

"4. The decision of the court is contrary to law."

Following the overruling of its motion for a new trial, and as a result thereof, this appeal was undertaken.

Defendant, appellant herein, set forth its assignment of errors, as follows:

"The appellant avers that there is manifest error in the judgment and proceedings in this cause, which is prejudicial to appellant in this:

1. The court erred in overruling appellant's motion for a new trial."

The following facts relative to matters at issue are:

Plaintiff is an Indiana Insurance Company, and was empowered to write insurance contracts or policies on automobiles, as well as on other automotive vehicles. Plaintiff had issued an insurance policy to the Hancock Trucking Company, Inc., therein insuring its motor vehicles with limits of liability of $300,000.00 for injury or death of a third person, and $500,000.00 as a limit for multiple injuries or fatalities. Prior to this plaintiff and defendant had agreed and entered into a contract of reinsurance, and under its terms defendant had agreed to reimburse plaintiff for losses covered by the policy in excess of $20,000.00, but plaintiff was to report a loss or losses promptly to the defendant, and further plaintiff agreed to not settle any claims involving reinsurance without the consent of the defendant.

A motor vehicle owned and operated by the Hancock Trucking Company, Inc., was involved in an accident in Michigan, and due to said accident a motorist suffered fatal injuries. This vehicle was insured by plaintiff.

Plaintiff did not notify defendant until eight (8) months after the accident, but in the meantime, settlement had been

agreed and stipulated by plaintiff's attorneys in the U. S. District Court in the State of Michigan. This agreed settlement and expenses totaled to the sum of $56,410.45. Defendant alleged that plaintiff had failed to comply with the terms of the reinsurance policy, and hence defendant refused to assume any liability for payment of said sum or any part thereof. Plaintiff assumed payment of $20,000.00, on said claim and sued defendant for the difference of $36,410.45.

Judgment was entered by the trial court on December 2, 1964. Defendant filed its motion for a new trial on December 4, 1964, which was overruled by the court on December 9, 1964. Appellant-defendant filed a transcript and assignment of errors in this court on March 5, 1965.

Appellant filed its brief in due time on June 16, 1965, which was followed by the filing of appellee's brief on July 15, 1966. Appellant thereafter filed its reply brief on August 3, 1966.

Two singular proceedings were involved in this cause, requiring examination and comment. The first, according to the complaint was the appointment of the Department of Insurance of Indiana, by the Marion County Court on January 27, 1961, as Rehabilitator of United Public Insurance Company of Indianapolis, Indiana. Said Department of Insurance was empowered, either in the name of the department, or in the name of the United Public Insurance Company, as alleged in said complaint, ". . . to commence and prosecute suits or actions at law as may be necessary and proper to collect or recover claims or demands in favor of said United Public Insurance Company."

Donald M. Mossiman, Special Deputy Insurance Commissioner prepared and filed the complaint.

The second unique feature of this cause is that all the evidence consists of a stipulation of facts designated as "joint exhibit one," which stipulation for joint exhibit was submitted and read in evidence.

Appellant specifically waives Point No. 1, referring to excessive damages inasmuch as such specification is not applicable to contract actions. See: *Smith* v. *Barber* (1899), 153 Ind. 322, 332, 53 N. E. 1014; *McKinney et al.* v. *The State, ex rel. Nixon* (1888), 117 Ind. 26, 30, 19 N. E. 613. Further, appellant considered Specification Nos. 2, 3, and 4, together and thus discussed them in the argument portion of its brief.

In the first of five points set forth by the appellant, it is claimed that appellee's failure to notify appellant promptly of the accident involving its insured, was violative of the clear and unambiguous provisions of the reinsurance agreements. These provisions placed upon the appellee the responsibility to advise appellant, "promptly of all claims, and any subsequent development pertaining thereto." Appellants cited: *Muncie Banking Co.* v. *American Surety Co.* (1952), 200 F. 2d, 115, as containing a review of Indiana Decisions as to what constituted reasonable or prompt notice by the insured to the insurance carrier.

Under the second point, prejudice to appellant was alleged as a result of appellee's failure to notify appellant promptly of the loss, and of waiting a period of eight (8) months to make the report; and also, by appellee's failure to notify appellant of the filing of a suit against it until six (6) months later. Authority cited by the appellant is the case of *Mutual Benefit Health & Accident Ass'n.* v. *Brunke* (1960), 276 F. 2d 53. This case held the rule to be that notice is required as soon as a person of ordinary and reasonable prudence believes that liability might arise.

Appellant under Point No. 3, alleges that appellee failed to cooperate with appellant in the defense of suits, claims or proceedings as in the reinsurance agreement was required. Appellee's failure to notify appellant of the filing of a suit against it was especially stressed by the appellant.

In considering Appellant's Point No. 4, it is alleged and stressed that appellee possessed no greater right in the en-

forcement of a claim, if any against appellant, because of the appointment of the Insurance Commissioner and the Department of Insurance of the State of Indiana as Rehabilitator of appellee. *Keehn* v. *Excess Ins. Co. of America* (1942), 129 F. 2d 503.

Appellant summarizes its argument by contending that the majority of decisions relied upon by the appellee were cases arising where individual insureds failed to give reasonable notice to the insurance carriers of an accident or loss.

It is the contention of the appellant that corporations should be held to a higher standard of reasonable time to give notice of a loss, due to superior knowledge available to such corporation. With this conclusion we concur.

In meeting the argument advanced by appellant in Point No. 1, appellee contends forcefully that the reporting of claims to the appellant was in accordance with the provisions of the contract and within the sound discretion of the appellee. Further, that appellee acted in a reasonable manner, and in good faith, in believing that the claim, as a result of such accident would not exceed the sum of $20,000.00.

It is contended by appellee, in reply to the allegation of prejudice to the interest of the appellant due to lack of reasonable notice, that appellant had time to join in the defense of its interest or interests even though late notice had been received.

It appears to us that this deduction by appellee is a mere conjectural conclusion based largely on supposition rather than on facts.

In response to a charge of a lack of cooperation urged against appellee by appellant, appellee contended that an invitation had been tendered appellant to participate in the defense of said claim when notice had been delivered by letter to appellant.

Appellee agreed that its standing was not enhanced by the

appointment of The Department of Insurance of Indiana, as Rehabilitator of the United Public Insurance Company.

It is pointed out by the appellee under Point No. 5, that both insurance companies were knowledgeable, experienced companies, hence, were not excusable for failure to have full knowledge and complete information as to the terms of said pertinent insurance policy or policies.

As stated by appellee in its answer to Point No. 1, that the delay of notice was due to its good faith and judgment, the appellant asserts, in its reply brief, that this allegation was raised for the first time on appeal, as no evidence was given concerning this viewpoint in the trial court. We can give no credence to appellee's answer in that particular.

It appears to us that appellant's contention, that the mere fact that the decedent's widow filed suit for $200,000.00 six months prior to the time notice was given, should have convinced appellee that she did not intend to confine her remedies to the Workman's Compensation Law, is a logical deduction.

As to appellee's contention that appellant has not been prejudiced by lack of notice, appellant asserts that appellee has failed to cite any authority for this proposition. In this conclusion by the appellant, we are in full accord.

As to appellee's claim that appellant could have participated in the suit, appellant replies this would have been difficult to do since it was not notified until six months later concerning the filing of the action.

It is further asserted by the appellant that Parts 4 and 5, of appellee's brief fails to cite any authority; nor does it answer any cited by appellant in its brief. With this assertion by the appellant, we agree.

We think the primary issue to be decided in this case is whether or not a lapse of eight months time is a reasonable notice in the light of the reinsurance contract.

We quote from Article V, under the heading "CLAIMS" of the reinsurance contract, as follows:

"The Company will advise the Reinsurer at its Chicago office at 141 West Jackson Boulevard, Chicago, Illinois, promptly of all claims, and any subsequent developments pertaining thereto, which may in the Company's opinion develop into losses involving reinsurance hereunder. As respects injuries to persons, such advices shall include but not be confined to claims arising out of any injuries causing (a) Death, or (b) Hospitalization for more than (2) weeks. Inadvertent omission in dispatching such advices shall in no way affect the liability of the reinsurer under this Agreement, provided the Company informs the Reinsurer of such omission or oversight promptly upon its discovery.

"No settlement of claims involving this reinsurance shall be made without the consent of the Reinsurer."

In *Fidelity & Casualty Co.* v. *Sanders* (1904), 32 Ind. App. 448, 452, 70 N. E. 167, the appellate court held in an action on a burglary insurance policy which provided for immediate notice, that notice within a reasonable time was required, and a complaint which failed to give the time of notice was defective. At Page 452, in said case the court stated:

". . . If the notice was given eight or nine months after the burglary—and we can not presume in aid of the pleading that it was not so given—the notice was not within a reasonable time . . ."

In *Pickel* v. *The Phenix Insurance Company, of Brooklyn* (1889), 119 Ind. 291, 21 N. E. 898, where an insurance policy required notice of a loss, forthwith, the court held that this provision was void, but nevertheless, under an insurance policy containing such a condition the assured was required to give notice within a reasonable time; that a delay of fifty (50) days in this case unexplained, was an unreasonable de-

lay, and the court then excluded the notice of loss to be read in evidence.

Other cases wherein the element of reasonable time is a feature are as follows:

In the case of *The Railway Passenger Assurance Co. of Hartford* v. *Burwell* (1873), 44 Ind. 460, the court held under the circumstances of that, that six (6) days was not a reasonable time.

In the case of *Inman* v. *Western Fire Insurance Company* (1834), 12 Wend. N. Y. 452, thirty-eight (38) days was held to be an unreasonable time.

In the case of *Trask* v. *State Fire Etc., Insurance Company* (1858), 29 Pa. St. 198, eleven (11) days was held not to be a reasonable time.

Among other cases in which the question of reasonable time was a factor are: *Knight & Jillson Co.* v. *Castle* (1909), 172 Ind. 97, 105, 87 N. E. 976; *The Insurance Company of North America* v. *Brim* (1887), 111 Ind. 281, 12 N. E. 315; *Metropolitan Life Ins. Co.* v. *People's Trust Co.* (1912), 177 Ind. 578, 98 N. E. 513.

> "Many Indiana decisions in interpreting 'reasonable time' for filing notice of loss have considered the attendant circumstances relevant in determining whether the notice had been filed within a reasonable time." *Muncie Banking Co.* v. *American Surety Co., supra.*

In light of the guide lines laid down in the foregoing cases, we think that under the circumstances disclosed in this case where no convincing reasons were forthcoming to excuse the long delay of eight (8) months to give notice, the trial court was in error in overruling appellant's motion for a new trial, and the decision of the court was contrary to law.

We think appellant's rights to assist and negotiate a fair settlement were highly prejudiced by appellee's failure to notify appellant of the accident and contemplated settlement,

prior to the agreed and stipulated settlement presented by attorneys for plaintiff-appellee in the United States District Court in Michigan.

We are of the opinion that the judgment of the trial court should be reversed, and that appellant be granted a new trial.

Judgment reversed, and a new trial ordered.

Smith, C.J., and Hunter and Mote, JJ., concur.

NOTE.—On Petition to File Late Brief 218 N. E. 2d 379. Opinion reported in 221 N. E. 2d 358.